IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01181-BNB

STEPHEN JEROME GRACE,

Applicant,

v.

WARDEN RON LEYBA, ACC,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 3 0 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Stephen Jerome Grace is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center at Cañon City, Colorado. Mr. Grace has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on July 8, 2008, Magistrate Judge Craig B. Shaffer directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses. On July 22, 2008, Respondent filed a Preliminary Response arguing that Mr. Grace has not exhausted state court remedies. On August 18, 2008, Mr. Grace filed a reply to the Preliminary Response.

The Court must construe the habeas corpus application and other papers filed by Mr. Grace liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Grace appears to be challenging the revocation of his parole in this action. Mr. Grace was convicted in a criminal case in the Denver County District Court and he was sentenced to ten years in prison and five years of mandatory parole. Mr. Grace was released on parole in February 2007. However, Mr. Grace soon violated the conditions of his parole and, in June 2007, his parole was revoked for a period of 150 days. Mr. Grace again was released on parole in November 2007. However, his parole again was revoked in April 2008, this time for a period of 180 days. Mr. Grace's current incarceration stems from the April 2008 parole revocation. Mr. Grace claims that his 2007 parole revocation was caused by the malicious acts of his parole officer and that he was denied due process in connection with his 2008 parole revocation because he was not given sufficient time to prepare a defense and he was denied a witness. As relief Mr. Grace asks to be placed in community corrections until he completes Phase I and for an immediate release from parole.

Mr. Grace must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."

***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See **Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

     Mr. Grace does not allege that he has fairly presented his claims to the state's highest court. In fact, he apparently concedes in his reply to the Preliminary Response that he has not exhausted state court remedies because he asks the Court to waive the exhaustion requirement. However, it is not clear why Mr. Grace believes that the exhaustion requirement should be waived and he provides no authority that would allow the Court to waive the exhaustion requirement. Mr. Grace may be arguing that he should not be required to exhaust state court remedies because it would take too long and cause him to be incarcerated unnecessarily. However, Mr. Grace's desire to avoid exhausting state court remedies is no reason to overlook the exhaustion requirement in this action. Furthermore, it is not clear that requiring Mr. Grace to exhaust state court remedies will cause him to be incarcerated unnecessarily because there is no reason to believe he cannot and will not obtain the relief he seeks in the state courts in a timely manner.

     Mr. Grace does allege "that his attempt to exhaust remedies at the state level have [sic] already been thwarted by the D.O.C. by providing false and inaccurate information to the District Court." (Reply at 1.) However, Mr. Grace does not identify the allegedly false and inaccurate information and he fails to explain how the allegedly

3

false and inaccurate information has thwarted his efforts to exhaust state court remedies. He does not allege that he has made any attempt to raise his claims on appeal to the Colorado Court of Appeals. Therefore, the Court will dismiss the instant action without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 25 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01181-BNB

Stephen Jerome Grace
Prisoner No. 57349
Four Mile Corr. Facility
PO Box 200
Cañon City, CO 81215- 0200

Jess A. Dance
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/29/08

                               GREGORY C. LANGHAM, CLERK

                               By: _____
                                      Deputy Clerk